UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KELSEY VANDERBY**, an individual,
        Plaintiff,

v.

**KDN CONSTRUCTION GROUP, LLC,** a Domestic Limited Liability Company, and **DEREK NIBLICK**, an individual, jointly and severally,
        Defendants.

Hon.

Case No.

| AVANTI LAW GROUP, PLLC<br>Robert Anthony Alvarez (P66954)<br>Attorney for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, by and through her attorneys at the Avanti Law Group, PLLC, and in her Original Complaint states as follows:

1. This is a civil action brought on behalf of Plaintiff to recover for Defendants' willful and knowing violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.*, the Michigan Workforce Opportunity Wage Act ("MWOWA"), M.C.L. §408.411 *et seq.* and the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. §408.931 *et seq.*

2. During the period of the parties' employment relationship, Defendants failed to compensate Plaintiff the mandated minimum wage for all hours worked.

3. Plaintiff seeks a declaration that her rights were violated, an award of unpaid minimum wages, an award of liquidated damages, and an award of attorney's fees and costs.

**JURISDICTION AND VENUE**

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

6. Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claim and the claims are most efficiently resolved together in one court.

7. Employees of Defendant KDN Construction Group, LLC ("KDN") were either (1) engaged in commerce; (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods.

8. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

9. Defendant KDN's annual gross volume of sales made or business done is not less than $500,000.

10. Defendant KDN employs more than two persons.

11. Defendant Derek Niblick ("Niblick") employs more than two persons.

12. Defendant KDN is and was at all times relevant incorporated in the State of Michigan and has a principal place of business located in Holland, Michigan, within the United States Judicial District of the Western District of Michigan.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## PARTIES

14. Plaintiff Kelsey Vanderby is an individual who at all times relevant to this complaint resided in the County of Ottawa, State of Michigan.

15. Plaintiff executed a consent to sue form, attached hereto as *Exhibit A*.

16. Defendant KDN Construction Group, LLC ("KDN") is a domestic limited liability company whose registered office is located at 11933 Maplegrove Dr, Holland, MI 49424. *Exhibit B*.

17. Defendant KDN is a construction company specialized in industrial steel buildings.

18. Defendant Derek Niblick ("Niblick") is an individual who at all times relevant to this complaint was Plaintiff's direct supervisor.

19. Defendant Niblick at all relevant times to this complaint set Plaintiff's schedule, directed Plaintiff's activities at work, set Plaintiff's rate of compensation, and was responsible for compensating Plaintiff.

20. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

21. Plaintiff worked as a general laborer for Defendants from May 3, 2021 to May 19, 2021.

22. Plaintiff's schedule was Monday to Friday, 7 am to 5 pm.

23. Plaintiff was to be compensated at a rate of $19 per hour for all hours worked under 40 hours.

24. Plaintiff worked 39 hours during the first week of her employment.

25. Plaintiff was paid in cash for the first week of her employment.

26. Plaintiff worked 14 hours during the second week of work due to a delay in materials.

27. Plaintiff was not compensated for these 14 hours of work.

28. Plaintiff informed Defendant Niblick that she had not been paid for these hours.

29. Defendant Niblick told Plaintiff that he would add the payment to her next check, but never did.

30. Plaintiff worked 28 hours in the last week of her employment.

31. The 28 hours in her last week consisted of two ten hour days on Monday and Tuesday, and 8 hours on Wednesday, when she was terminated at 3 pm.

32. Plaintiff was not compensated for these 28 hours of work.

33. Plaintiff was not given a reason for her termination.

34. After she was terminated, Plaintiff texted Defendant Niblick, requesting the pay for the last two weeks of work, he told her the check would be sent the following day, which did not happen.

35. In an effort to resolve this matter prior to filing suit, Plaintiff's counsel sent a letter to Defendants on June 2, 2021, requesting a check for $1,596.00, including what Plaintiff was owed for 42 hours of work plus liquidated damages. *Exhibit C.*

36. Defendant did send a check for that amount to Plaintiff's address.

37. However, the check sent by Defendant was written incorrectly and Plaintiff was not able to cash the check.

38. On June 15, 2021, Plaintiff's mom reached out to Defendant to inform him of the error and he did not respond.

39. On June 22, 2021, Plaintiff's counsel reached out to Defendant Niblick again by phone, leaving a voicemail advising him of the error on the check and allowing him to correct this error before filing suit.

40. Defendant did not respond or issue Plaintiff with a corrected check, compelling Plaintiff to file this Complaint.

41. Plaintiff was not compensated for all hours worked per workweek.

42. During her employment, Plaintiff worked for all Defendants.

43. Defendants did not compensate Plaintiff for all hours worked as required by the FLSA.

44. Defendants did not compensate Plaintiff for all hours worked as required by the MWOWA.

45. Defendants did not compensate Plaintiff for all hours worked as required by the IWOWA.

## **WILLFUL VIOLATIONS OF THE FLSA**

46. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the mandated minimum wage rate for all hours worked, when Defendants knew or should have known such was due and that non-payment of wages would financially injure Plaintiff.

47. Defendants are a sophisticated business and an individual with the knowledge and expertise to know that the payment structure of Plaintiff was and is impermissible under the FLSA.

48. Defendant Niblick utilized Defendant KDN to subvert his obligations under state and federal law.

49. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to her unpaid minimum wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY STATUTORY MINIMUM WAGE

50. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

51. At all relevant times to this action, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

52. At all relevant times to this action, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

53. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

54. The FLSA requires an employer to pay employees the federally mandated minimum wage for all hours worked, 29 U.S.C. § 206-207.

55. Defendants failed to compensate Plaintiff the mandated minimum wage for all hours worked.

56. As a result of the violation, Plaintiff is entitled to her unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## COUNT II
## VIOLATION OF MICHIGAN'S WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. § 408.411 et seq., AND IMPROVED WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. §408.931 et seq., FAILURE TO PAY MINIMUM WAGE

57. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

58. The Michigan's Workforce Opportunity Wage Act ("MWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.411, *et seq*.

59. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.931, *et seq*.

60. At all relevant times, Defendants have been "employer[s]" within the meaning of the MWOWA, M.C.L. § 408.411, *et seq*.

61. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.931, *et seq*.

62. At all relevant times, Plaintiff was an "employee" within the meaning of the MWOWA, M.C.L. § 408.411, *et seq*.

63. At all relevant times, Plaintiff was an "employee" within the meaning of the IWOWA, M.C.L. § 408.931, *et seq*.

64. The MWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week. M.C.L. § 408.414.

65. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week. M.C.L. § 408.931

66. By failing to compensate Plaintiff at the state mandated minimum wage for hours worked, Defendants have violated the MWOWA, M.C.L. § 408.411, *et seq*.

67. By failing to compensate Plaintiff at the state mandated minimum wage for hours worked, Defendants have violated the IWOWA, M.C.L. § 408.931, *et seq*.

68. As a result of Defendants' violations, Plaintiff is entitled to her unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

A. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the FLSA;

B. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the MWOWA and IWOWA;

C. Defendants be ordered to pay Plaintiff her unpaid wages together with an equal amount in liquidated damages;

D. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the FLSA;

E. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the MWOWA and IWOWA; and

F. The Court grants such other and further relief as the Court may deem just or equitable.

Dated: July 26, 2021				Respectfully Submitted,

				*/s/   Robert Anthony Alvarez*			.
				Robert Anthony Alvarez (P66954)
				Attorney for Plaintiff
				Avanti Law Group. PLLC

## REQUEST FOR TRIAL BY JURY

NOW COMES Plaintiff, by and through her attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: July 26, 2021                  Respectfully Submitted,

                                             */s/ Robert Anthony Alvarez* .
                                             Robert Anthony Alvarez (P66954)
                                             Attorney for Plaintiff
                                             Avanti Law Group. PLLC

## VERIFICATION

I declare under the penalty of perjury under the laws of the United States of America that the statements outlined above in my Original Complaint are true and correct.

Date: ___Jul 15 2021___

*Kelsey Vanderby*
Signature

Kelsey Vanderby
Printed Name