UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| KELSEY VANDERBY, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:21-cv-637 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| KDN CONSTRUCTION GROUP, LLC and | ) | |
| DEREK NIBLICK, | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER DISMISSING ACTION AS MOOT

Plaintiff Kelsey Vanderby filed this Fair Labor Standards Act lawsuit. On Plaintiff's motion, the Clerk entered default against both defendants. Plaintiff now seeks default judgment. (ECF No. 12.) The Court will dismiss this lawsuit for lack of jurisdiction.

I.

In the complaint, Plaintiff seeks unpaid wages, liquidated damages, costs and attorney fees. Although Plaintiff does not plead a specific sum, she alleges she earned $19/hour and was not paid for approximately 42 hours (19x42=798). Employers can be liable for an equal amount as liquidated damages under the FLSA (798x2=1596). *See* 29 U.S.C. § 216(b). Prior to filing the lawsuit, counsel sent Defendants a letter demanding $1,596. And, Plaintiff received a check for that amount, but could not cash the check because it was "written incorrectly." (Compl. ¶ 37 PageID.4.) Plaintiff filed her lawsuit on July 26, 2021.

Defendant Niblick was served on August 5, 2021. On August 10, 2021, Defendants sent Plaintiff another check for $1,596. (ECF No. 13 PageID.51.)

Then, on September 2, 2021, Plaintiff filed an application for entry of default against both defendants. The Clerk entered default. On October 5, Plaintiff filed this motion for default judgment. Plaintiff does not seek any compensation for the injuries alleged in the complaint. Instead, Plaintiff seeks $3,539.06 for costs and attorney fees.

II.

Federal courts have an on-going obligation to examine whether they have subject-matter jurisdiction over an action and may raise the issue *sua sponte*. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *Arbaugh v Y&H Corp.*, 546 U.S. 500, 506 (2006). Under our Constitution, federal courts may only exercise jurisdiction of "cases" and "controversies." U.S. Const, art. III, § 2, cl. 1. "To invoke federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or 'personal stake' in the outcome of the action." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (citation omitted).

> A corollary to this case-or-controversy requirement is that an "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." If an intervening circumstance deprives the plaintiff of a "personal stake in the outcome of the lawsuit," at any point during the litigation, the lawsuit can no longer proceed and must be dismissed as moot.

*Id.* at 71-72 (internal citations and citation omitted). Following *Genesis Healthcare*, the Supreme Court revisited Rule 68 offers in *Campbell-Ewald Company v. Gomez*, 577 U.S. 153 (2016). The Court clarified that an "unaccepted settlement offer or offer of judgment does not moot a plaintiff's case[.]" *Campbell-Ewald*, 577 U.S. at 166.

On the record before this Court, Plaintiff no longer has a personal stake in the outcome of the lawsuit. Plaintiff asked Defendants for $1,596 and she received a check for

$1,596 from them.  Plaintiff does not contend there was anything wrong with the second check.  Although the record does not indicate whether Plaintiff cashed the check, the Court infers that she did because she does not seek any of the lost wages or liquidated damages in the motion for default judgment.  The check functioned as an offer by Defendants to settle the case, which Plaintiff accepted by cashing it.

### III.

The Court concludes that this lawsuit is moot and, therefore, the Court lacks jurisdiction over the action.  Accordingly, the Court **DISMISSES** the lawsuit.  The Court also **DISMISSES** the pending motion for default judgment.  (ECF No. 12.)  **IT IS SO ORDERED.**


Date:   October 8, 2021                                        /s/  Paul L. Maloney
                                                                             Paul L. Maloney
                                                                             United States District Judge